**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mikeal Glenn Stine,<br><br>    Petitioner,<br><br>v.<br><br>Danon Colbert,<br><br>    Respondent. | No. CV-21-00482-TUC-JAS (DTF)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Mikeal Glenn Stine (Stine or Petitioner) presently incarcerated in the U.S. Penitentiary in Tucson, Arizona ("USP Tucson"), filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1.) On December 27, 2021, Stine filed his First Amended Petition. (Doc. 5.) Respondent filed an answer on February 14, 2022. (Doc. 11.) Stine filed his reply on February 24, 2022. (Doc. 14.) This matter is fully briefed. This matter was referred to the undersigned United States Magistrate Judge for a Report and Recommendation. (Doc. 6 at 3.) As more fully set forth below, this Court recommends that D. Colbert be substituted with Warden M. Gutierrez, the current warden of USP-Tucson, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and that the First Amended Petition be denied and dismissed.

**I.     BACKGROUND**

Petitioner is serving an aggregated term of 361 months' imprisonment. (Doc. 11-2 at 3.) On September 7, 2021, Lt. G. Merrell wrote and issued an incident report charging Stine with bribing an official/staff member. *Id.* at 26, 31. Lt. Merrell had received an

"inmate Cop Out" from the Charlie Unit reportedly from Stine. *Id.* at 31. Stine was in Charlie unit and his cell mate had been escorted to the Special Housing Unit (SHU). *Id.* The communication stated that the author would provide information in exchange for Stine's cell mate being released from the SHU. *Id.* Stine refused to participate in the Unit Disciplinary Committee hearing. *Id.* at 32. At that time, Stine received a copy of the incident report and was advised of his rights. *Id.* at 33.

The Discipline Hearing Officer (DHO) held a hearing on September 29, 2021. *Id.* at 26. Stine did not present any evidence or call any witnesses, but he denied the accusations, stating "I did not write that. Anybody could have done that. I ain't wrote that." *Id.* at 26. The DHO found Stine had committed the act as charged and disallowed twenty-seven days of good conduct time, along with other privilege sanctions. *Id.* at 27, 29.

## II. DISCUSSION

### a. Exhaustion

Before a court may consider the merits of a § 2241 petition, it must address exhaustion. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). To exhaust a § 2241 claim, a petitioner must exhaust all available judicial and administrative remedies, unless excused. *Id.* For § 2241 claims, the exhaustion requirement is prudential—not jurisdictional. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Exhaustion can be waived or excused when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Petitioner acknowledges that he did not exhaust the administrative remedies. (Doc.

5 at 4.) He asserts the staff in the SHU refused to provide the necessary forms, and as such, that he should be excused from exhausting his claims. *Id.* Respondent argues that exhaustion should not be excused. (Doc. 11 at 6-7.) He points out that on December 20, 2021, Petitioner filed two administrative remedies requesting books and phone use in SHU. *Id.* Petitioner argues this is a red herring because the "staff ask[s] what the issue is, write [the issue] at the top corner of the form, and if [a prisoner] turn[s] in [a form regarding] anything but that issue, it's thrown away." (Doc. 14 at 4.) Thus, according to Petitioner, staff can filter the forms and appeals.

Respondent also argues Petitioner did not state when staff refused to provide the forms or which staff refused to provide the appropriate forms. (Doc. 11 at 6.) Petitioner filed two reported affidavits from other inmates. (Docs. 15, 15-1.) Both inmates report that named staff refused forms for Stine on October 6, 2021, and October 13, 2021. (Docs. 15, 15-1.) If this issue were dispositive, the Court would recommend an evidentiary hearing on the matter. However, it is not. Based on the above, the Court will consider the administrative remedies unavailable—thus excused.

### b. Merits

Under § 2241, courts may grant a writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioners may only be deprived of good time credits if they are afforded due process. *Lane v. Salazar*, 911 F.3d 942, 950-51 (9th Cir. 2018). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "[T]here must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Id.* The Supreme Court has held that due process for a prison disciplinary hearing requires: (1) "written notice of the claimed violation" at least twenty-four hours before the hearing; (2) "'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action"; (3) the ability to call witnesses and present evidence if it "will not be

unduly hazardous to institutional safety or correctional goals"; (4) if "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case," the inmate should be able to seek assistance; and (5) a decision maker that is sufficiently impartial. *Id.* at 563-71 (internal citations omitted). Additionally, a disciplinary decision must be supported by "some evidence" in the record. *Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 447, 454-56 (1985). Thus, courts must determine if there is "any evidence in the record that could support the conclusion reached by the disciplinary board." *Lane*, 911 F.3d at 951 (quoting *Hill*, 472 U.S. at 455-56).

Petitioner does not argue he was deprived of the five *Wolff* protections. (Doc. 5 at 4-5.) The Court finds the five *Wolff*-due-process requirements were present. Stine was informed of the incident report more than twenty-four hours before the DHO hearing. (*See* Doc. 11-2 at 26.) He received a written statement as to what evidence was relied on and the reasoning. *See id.* at 27-30. He waived his right to a staff representative, and to present witnesses and documentary evidence. *Id.* at 26-27. Additionally, Stine does not contend that the DHO was not impartial. (Doc. 5 at 4-5.)

Petitioner only argues that there was no evidence to support the DHO's conclusions. (Doc. 5 at 4-5.) Stine does not claim that the handwritten letter was not an attempt to bribe Lt. Merrell, but merely that he was not the author. *Id.* Petitioner reasons that the mailbox is in a common area, where over 120 other inmates have access. *Id.* at 4. Additionally, Petitioner argues the DHO stated that there was no handwriting comparison and no expert. *Id.* Before the DHO was the incident report, in which Lt. Merrell stated it was Stine, the handwritten letter, which correctly named Stine's cellmate, Stine's inmate number and full name, and that it was from the Charlie Unit, where Stine resided. (Doc. 11-2 at 27, 31, 34-35.) This is some evidence to support the DHO's conclusion. As such, this petition should be denied and dismissed.

## III. RECOMMENDATION

There is some evidence in the record to support the DHO's decision, as such that argument should be denied. Accordingly, it is recommended that the district court, after its independent review, dismiss and deny the First Amended Petition and substitute Warren M. Gutierrez as Respondent for D. Colbert pursuant to Rule 25(d).

Pursuant to 28 U.S.C. § 636(b)(1) and 72(b)(2), Fed. R. Civ. P., any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. The Clerk of Court is directed to terminate the referral of this matter. Filed objections should bear the following case number: **4:21-cv-00482-TUC-JAS**.

Dated this 27th day of February, 2023.

Honorable D. Thomas Ferraro
United States Magistrate Judge